UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| OSVALDO FLORES, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 13 CV 7600 |
| MORGAN CHOP SAW, LLC ) | |
|       Defendant. ) | Judge Frederick J. Kapala |
| ) | Magistrate Judge Iain D. Johnston |
| ) | |
| MORGAN CHOP SAW, LLC, ) | |
|       Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTHWEST WOOD PRODUCTS, INC., ) | |
|       Third-Party Defendant. ) | |

**MEMORANDUM AND ORDER**

American Guarantee and Liability Insurance Company, as subrogee of third-party defendant Northwest Wood Products, Inc., has filed a motion to intervene. As detailed below, American Guarantee intervened in state court before removal and therefore the motion to intervene [20] is denied as moot. However, the presence of American Guarantee raises questions about the court's subject matter jurisdiction, specifically, diversity jurisdiction. The parties are therefore directed to file supplemental briefs addressing the issue of diversity jurisdiction. The parties shall confer to present consolidated briefs. The brief from defendant Morgan Chop Saw and any other party arguing the existence of diversity jurisdiction shall be filed by 3/4/2014; the response from plaintiff Flores and any other party arguing the absence of diversity jurisdiction shall be filed by 3/25/2014; and the reply brief shall be filed by 4/8/2014. The status hearing set for 2/11/2014 is stricken and will be reset, if necessary, in the order addressing jurisdiction.

**BACKGROUND**

This case originated in state court when plaintiff Osvaldo Flores filed suit against Morgan Chop Saw, LLC, the manufacturer of the saw that he alleges he used when he injured himself while working for Northwest Wood Products, Inc. On October 23, 2013, Morgan Chop Saw filed a Notice of Removal with this Court. However, before Morgan Chop Saw filed the Notice of Removal, on September 30, 2013, American Guarantee's counsel filed an appearance and motion to intervene in the state court proceeding, attaching a copy of its proposed Intervening Complaint. Dkt. 20, Ex. A. On October 15, 2013, the state court granted the motion to intervene, stating that "Intervening plaintiff's Motion to Intervene is hereby granted," and that "Intervening plaintiff is granted leave to file its intervening complaint instanter." Dkt. 20, Ex. B. That same day, American Guarantee mailed a copy of the Intervening Complaint to the state court clerk, although the state court did not docket the complaint until October 28, 2013. Dkt. 20, Ex. C.

The Notice of Removal that Morgan Chop Saw filed attached as an exhibit a docket entry that a motion to intervene had been granted. But Morgan Chop Saw did not attach the order itself or any other document identifying American Guarantee as the intervening party. As a result, American Guarantee was not initially identified as a party on this Court's docket. American Guarantee's counsel then filed an appearance and motion to intervene with this Court. Meanwhile, Morgan Chop Saw filed a third-party complaint against Northwest Woods with this Court.

This Court's review of the proceedings in state court reveals that American Guarantee had intervened before the case was removed. The state court granted American Guarantee's motion to intervene in the state proceeding on October 15, 2013, more than a week before

Morgan Chop Saw removed the case on October 23, 2013. Dkt. 20, Ex. B. Morgan Chop Saw argues that despite the state court order granting the motion to intervene, American Guarantee never became a party because the state court had not yet docketed the Intervening Complaint at the time of removal. However, Morgan Chop Saw has cited no authority to support its position that under Illinois law a party has not intervened until its complaint is docketed. And such a position is foreclosed by the decision in *Murphy v. Towmotor Corp.*, 642 F. Supp. 22 (N.D. Ill. 1986). As in this case, in *Murphy* the federal court docket did not include an entity that had been allowed to intervene in the case while still in state court. *Id.* at 24. The court found that under Illinois' Civil Procedure Code, the entity "did become a *party* when it was given leave to intervene." *Id.* at 26 (emphasis in original) (citing what is now 735 Ill. Comp. Stat. 5/2-408). The court then remanded the case based on the removing party's failure to identify the intervening party in the notice of removal and its failure to provide proper notice. *Id.* at 27.

Likewise, the state court here granted American Guarantee's motion to intervene before removal and, therefore American Guarantee was a party to this proceeding both in state court as well as in federal court. Whether the Intervening Complaint was filed (a) *instanter* as directed by the state court, (b) when mailed under the mailbox rule discussed by the parties, or (c) not until October 28, 2013, when docketed, is of no moment. Under Illinois civil procedure, American Guarantee became a party on October 15, 2013, when the state court granted its motion to intervene more than a week before removal. *Murphy*, 642 F. Supp. at 26 (citing what is now 735 Ill. Comp. Stat. 5/2-408).

However, now that the Court has been alerted to American Guarantee's presence in this suit, concerns over the existence of subject matter jurisdiction, specifically, diversity jurisdiction,

have arisen.[1]  In the proposed intervening complaint attached to its motion to intervene in the state court proceeding, American Guarantee alleged that its main administrative office and principal place of business was in Illinois.  Given that plaintiff Flores also alleged Illinois citizenship in his complaint, the Court would have subject matter jurisdiction only if Flores' and American Guarantee's interests were aligned because if their interests were adverse, complete diversity would be destroyed.  *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between---citizens of different States . . .").

In *Murphy v. Towmotor*, the court analyzed whether an intervening employer, who was entitled to a workers' compensation lien on any recovery made by the plaintiff, was aligned with the plaintiff or the defendant tortfeasor.  *Murphy*, 642 F. Supp. at 25-26.  The court found that although the employer and plaintiff both had an interest in maximizing the plaintiff's recovery from the tortfeasor, that the employer's lien made its interests adverse to the plaintiff's because the lien would diminish the plaintiff's share of any damage award.  *Id.* ("Thus Murphy and Interlake have common cause against Towmotor, but they have opposing interests in the fund that may be generated by their common cause.")  However, the case did not ultimately decide the issue because it remanded on the basis of procedural errors at the time of removal.  *Id.* at 27.

The Court has found decisions in at least one other jurisdiction that more recently reached the opposite conclusion.  *See, e.g.*, *Norwood v. Grocers Supply Co., Inc.*, No. 12 CV 751, 2013 WL 686410, at *5 (W.D. La. Feb. 25, 2013) (collecting cases that determine alignment based on

---

[1] It appears removal may have been improvident given procedural errors.  Specifically, Morgan Chop Saw appears not to have provided to American Guarantee the notice required by 28 U.S.C. § 1446(d), or to set out the grounds for removal by failing to identify American Guarantee as a party or its citizenship as required under § 1446(a).  However, under 28 U.S.C. § 1447(c), procedural shortcoming warranting remand must be brought to light by way of motion within 30 days of the filing of the notice of removal.  No such motion was filed.

common interests). However, those decisions appear to have been reached under an analysis at odds with the Seventh Circuit's framework for analyzing the alignment of parties. *See Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) ("in determining whether realignment is proper, courts must focus on 'the points of substantial antagonism, not agreement.'") (quoting *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 (7th Cir. 1981)).

Because this Court would lack subject matter jurisdiction over this case if the parties' allegations of citizenship are accepted and the intervening party's interests are adverse to the plaintiff's, the parties are directed to file supplemental briefs addressing the issue of diversity jurisdiction in light of American Guarantee's presence in this case. The parties shall confer to present consolidated briefs. The brief from defendant Morgan Chop Saw and any other party arguing the existence of diversity jurisdiction shall be filed by 3/4/2014; the response from plaintiff Flores and any other party arguing against diversity jurisdiction shall be filed by 3/25/2014; and the reply brief shall be filed by 4/8/2014.

Date: February 10, 2014      By:_____
                                 Iain D. Johnston, U.S. Magistrate Judge